IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

MEAGHAN HARKLEROAD,

      Plaintiff,

v.

WAYNE MEMORIAL HOSPITAL and
ST. JOSEPH/CANDLER HEALTH SYSTEM, INC.,

      Defendants.

CV521-041

---

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Now Comes Plaintiff, Meaghan Harkleroad ("Plaintiff" or "Ms. Harkleroad") and brings this complaint against, Defendant Wayne Memorial Hospital  and St. Joseph/Candler Health System, Inc.(collectively "Defendants") as follows:

### Introduction

1. This is an action arising out of Title VII of the Civil Rights Act of 1968, as amended to include the Pregnancy Discrimination Act of 1978 for discrimination based on pregnancy.

2. This is also an action under Section 7 of the Fair Labor Standards Act of 1938, 29 U.S.C. 207 for failure to provide break time for nursing mothers and a violation of the Family and Medical Leave Act.

3. This is also a claim for violation of Georgia Code Title 34 § 34-1-6 for failure to provide lactation breaks in a private area.

4. This Court has subject matter jurisdiction over this action under FLSA § 16(b), 29 USC § 216(b), and 28 USC §1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

1

5. Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Defendants are located in this judicial district and the events giving rise to this action occurred in this district.

6. Plaintiff filed a charge of discrimination (Charge Nos. 415-2020-00590 and 415-2020-00517) and received her Notice of Right to File Suit on April 1, 2021.

7. Plaintiff has brought forth her claims within 90 days from receipt of the Notice of Right to File Suit.

8. Plaintiff is a resident of the County of Bacon, State of Georgia.

9. Defendants conduct business in the County of Wayne, State of Georgia.

**Statement of Facts**

10. Ms. Harkleroad began her employment full-time with Defendants as a Nurse in August 2015. She continued full-time employment with Defendants until August 2016.

11. In or about February 2018, Ms. Harkleroad began working part-time as a Labor & Delivery Nurse. Ms. Harkleroad continued her work as a Labor & Delivery Nurse for Defendants until she was advised about the position of Chemotherapy Infusion Nurse with a new cancer facility that Defendants were opening.

12. Ms. Harkleroad applied to and was offered the Chemotherapy Infusion Nurse position on our about February 2019 and was asked that she start her position April 1, 2019.

13. Here, Ms. Harkleroad satisfied the FMLA's 1,250 hour service an time requirement.

14. Ms. Harkleroad performed her job in a diligent and skillful manner. She was specially selected to serve as a Chemotherapy Infusion Nurse based on her performance as a Labor & Delivery Nurse.

15. In or about July 2018, Ms. Harkleroad discovered she was pregnant, and she put Defendants on notice in or about August 2018 of her pregnancy, and her March 2019 due date. Because this was Ms. Harkleroad's last child, she expressed to her supervisors about her intentions to

16. She notified Defendants of her intent to take leave due to the birth of her child. She was never informed of her rights under the Family and Medical Leave Act, including whether she was eligible for the leave and what her entitlement for the leave was.

17. Ms. Harkleroad commenced what she was advised was "short-term" leave on February 15, 2019.

18. While on her leave, Ms. Harkleroad was continuously contacted by management for work-related issues such that she was unable to enjoy the full benefits of her leave.

19. Further, even though she had previously provided Defendants with notice of her leave dates, including her expected return to work, management, including Lisa Austin, Director of Nursing contacted her on multiple occasions attempting to induce her to return to work early.

20. Indeed, during her leave, she was told by Ms. Austin that she would be unable to take her full leave that is provided in the company's leave policy and on multiple occasions she was asked to come back early.

21. As a result of Defendants' interference, Ms. Harkleroad was unable to enjoy her full leave. She was required to return to work on March 22, 2019, after only five weeks of leave, during which time she was continuously contacted by management for work-related reasons.

22. Ms. Harkleroad returned to work earlier than required under the law, as a lactating mother and she required periodic breaks in order to express her breastmilk.

23. Defendants were aware of Ms. Harkleroad's need to have breaks. Ms. Harkleroad notified Ms. Austin during her pregnancy of her intent to breastfeed her "last child" and therefore

3

the need for time to express milk while working. Ms. Harkleroad was assured that the Defendants would provide a "supportive environment" in which she would be able to express her milk. They assured Ms. Harkleroad that she would be able to express her milk.

24. Despite having knowledge of her need to express breastmilk, Defendants failed to provide her with reasonable break periods and failed to provide her a private place, free from intrusion by coworkers or the public.

25. Indeed, she was forced to express her milk in the restroom and in her vehicle. During times that she did express in the building, she was not given a private room and had other employees walk in on her as she was expressing her milk.

26. She was also required to perform work while expressing her milk. On multiple occasions she was asked to sign off on medications while she was expressing her milk. On other occasions, employees walked into the unlocked room she was expressing her milk in to ask her questions during her pumping session.

27. On another occasion she had to express her breastmilk in the presence of one of her supervisors, Beverly Youmans, due to the restrooms being occupied.

28. The lack of private area to express her milk caused Ms. Harkleroad to sustain significant emotional distress and trauma. She was embarrassed and anxious to such a degree that she was forced to express less frequently out of fear of having her breast exposed to others.

29. The lack of breaks and private area further resulted in Ms. Harkleroad's supply to dwindle, leading to health issues for her baby and herself. Indeed, both her baby and Ms. Harkleroad required hospitalization to treat conditions related to the issues.

30. Defendants could have easily accommodated Ms. Harkleroad by providing the lactating breaks necessary as demonstrated by the fact that other, non-lactating, male and female employees' needs were accommodated as necessary.

4

31. Ms. Harkleroad brought her concerns to the attention of Defendants, but she continued to be denied the necessary breaks in a private area.

32. When she and other employees complained to management about the lack of breaks and private area to express milk, Mr. Marcus Nesbitt, Practice Manager in a hostile manner, stated "Oh my God! Are you still breastfeeding him? Isn't he already one year old?" and advised that she could stop nursing her baby. At the time of Mr. Nesbitt's comment, Ms. Harkleroad's baby was only four months old.

33. The stress caused by the forced premature return from her leave and the failure of Defendants to provide the necessary breaks in a private location became too much and Ms. Harkleroad had no other choice but to resign from her position.

34. Had Defendants allowed her to take the full 12 weeks of uninterrupted leave, and had she been provided the necessary lactation breaks in a private location, she would not have had to resign.

## Count I-Violation of Title VII as Amended to Include the Pregnancy Discrimination in Employment Act

35. Plaintiff hereby incorporates by reference the preceding paragraphs.

36. Plaintiff is an "employee" and Defendants are her "employer" as those terms are defined under Title VII, as amended to include the Pregnancy Discrimination in Employment Act.

37. Defendants violated Plaintiff's rights under Title VII by discriminating against her due to her pregnancy.

38. Defendants failed to allow Plaintiff to full enjoyment of her maternity leave, even though non-pregnant employees are able to take leave as necessary and without interference by Defendants.

39. Defendants further discriminated against her by creating a hostile work environment in denying her the right to express her milk, making negative comments about breastfeeding her baby, allowing employees to walk in on her while her breast was exposed and thus creating a hostile work environment.

40. All of the actions described in this section and outlined above, are a violation of Plaintiff's rights under the Pregnancy Discrimination in Employment Act, Title VII.

41. Defendants' actions were intentional.

42. As a result of Defendants' unlawful actions, Plaintiff was forced to leave her position.

43. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings and job benefits; has suffered and continues to suffer emotional distress; and she has incurred and continues to incur expenses.

**Count II-Violation of the Family and Medical Leave Act for Interference**

44. Plaintiff hereby incorporates by reference the preceding paragraphs.

45. Defendants were and are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A). At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave for the birth of her child under 29 U.S.C. § 2611(2)(A).

46. The FMLA provides that an employer must provide an eligible employee with up to 12 workweeks of leave to care of a newborn child.

47. Defendants interfered with Plaintiff's rights under the FMLA by failing to provide her the required notice of her rights upon the Defendants' notice of her need for qualifying leave under the Act. Indeed, Defendants failed to notify Plaintiff of whether she was eligible for FMLA and her entitlement under the Act.

48. Defendants interfered with Plaintiff's rights under the FMLA by contacting her while on her leave, pressuring her to return to work prior to the end of her 12-week entitlement and ultimately by denying her the full 12 weeks of FMLA leave.

49. Defendants did not act in good faith and had not reasonable grounds for believing they were not violating the FMLA.

50. Plaintiff is entitled to recover damages, including liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(i).

51. Plaintiff is also entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

### Count III-Violation of Section 7(r) of the Fair Labor Standards Act

52. Plaintiff incorporates by reference the preceding paragraphs.

53. Plaintiff is an "employee" and Defendants are her "employer" as those terms are defined by the Fair Labor Standards Act ("the Act").

54. Section 7(r) of the Act provides that an employer shall provide a reasonable break time for an employee to express breast milk for her nursing child for one year after the child's birth each time such employee has need to express the milk.

55. Section 7(r) of the Act also provides that the break referenced in Paragraph 50 must be at a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

56. Defendant violation Plaintiff's rights as referenced above on multiple occasions by failing to provide reasonable break periods in a private location.

57. Defendants' action were an intentional disregard of Plaintiff's interests.

58. As a result of Defendants' actions, Plaintiff sustained damages by way of injury, emotional distress, lost wages and other damages.

7

## Count IV-Violation of Georgia Code Title 34 § 34-1-6

59. Plaintiff incorporates by reference the preceding paraphs.

60. Plaintiff is an "employee" and Defendants are her "employer" as those terms are defined by the Georgia Code Title 34 § 34-1-6.

61. Under the statute, employers are obligated to provide employees reasonable break times for employees to express breast milk.

62. The statute also requires that the employee be provided a private area, free from intrusion, in order to express breast milk.

63. Defendants violated Plaintiff's rights by failing to provide reasonable break periods to express milk in a private location.

64. Plaintiff sustained damages as a result of Defendants' violations by way of lost wages, emotional distress damages and other compensatory damages.

## Relief Requested

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. A trial by jury pursuant to Fed.R.Civ.P.(38(b);

b. An award of all lost wages;

c. Compensatory damages for the significant emotional distress sustained by Plaintiff as a result of Defendants' actions;

d. That this Court award Plaintiff's liquidated damages in an amount equal to her lost wages;

e. That this Court award Plaintiff reasonable attorneys' fees and costs of litigation;

f. All other relief this Honorable Court or Finder of Fact deems equitable and just.

Date: June 30, 2021

Meaghan Harkleroad
Address: 325 New Hope church Rd
Alma, Ga 31510

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Meaghan Harkleroad**
**325 New Hope Church Road**
**Alma, GA 31510**

From: **Savannah Local Office**
**7391 Hodgson Memorial Drive**
**Suite 200**
**Savannah, GA 31406**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **415-2020-00517** | **Janice D. Smith,** Investigator | **(912) 920-4482** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Omayra Padilla
Digitally signed by Omayra Padilla
Date: 2021.04.01 13:54:39 -04'00'

4/01/2021

Enclosures(s)

**Omayra Padilla,**
**Director**

*(Date Issued)*

cc: **Emma Lou Thompson**
**Director of Human Resources/Physician Recruitment**
**WAYNE MEMORIAL HOSPITAL**
**865 South 1st Street**
**Jesup, GA 31545**

**LaRhonda Hicks**
**The Law Offices of Nicks & Associates, LLC**
**12600 Deerfield Parkway**
**Suite 100**
**Milton, GA 30004**

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> **of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Meaghan Harkleroad**
     **325 New Hope Church Road**
     **Alma, GA 31510**

From:  **Savannah Local Office**
       **7391 Hodgson Memorial Drive**
       **Suite 200**
       **Savannah, GA 31406**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **415-2020-00590** | **Janice D. Smith,** **Investigator** | **(912) 920-4482** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Omayra Padilla,**
**Director**

*(Date Issued)*

cc:  **Susan Anders**
     **Manager Employee Relations**
     **ST. JOSEPH'S CANDLER HOSPITAL SYSTEMS**
     **11700 Middleground Rd.**
     **Savannah, GA 31419**

**LaRhonda R. Nicks -Attorney at Law**
**Law Offices of Nicks & Associates, LLC**
**12600 Deerfield Parkway, Suite 100**
**Milton, GA  30004**

**Jason D'Cruz, Esq.**
**Baker Hostetler**
**1170 Peachtree Street**
**Atlanta, GA 30309**

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*