# In the United States District Court for the Southern District of Georgia Waycross Division

MEAGHAN HARKLEROAD,

    Plaintiff,

v.

WAYNE MEMORIAL HOSPITAL, and ST. JOSEPH/CANDLER HEALTH SYSTEM, INC.,

    Defendants.

CV 521-041

## ORDER

Before the Court is Defendants Wayne Memorial Hospital's and St. Joseph's/Candler Health System, Inc.'s (collectively "Defendants") partial motion to dismiss, dkt. no. 26. For the reasons that follow, Defendants' motion is **GRANTED in part** and **DENIED in part**.

### BACKGROUND[1]

This case arises out of Plaintiff's work with Defendants during and after her pregnancy. Dkt. No. 23 ¶¶ 11, 16-21. In early 2018, Plaintiff began working as a part-time nurse for

---

[1] The facts set forth below are those alleged in Plaintiff's Amended Complaint and are presumed true, for the purposes of this motion. See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). Whether they are eventually accepted by a jury remains to be seen.

Defendants.  Id. ¶¶ 12.  In July 2018, Plaintiff discovered she was pregnant and notified Defendants that she intended to seek leave pursuant to the Family and Medical Leave Act ("FMLA") in or around March 2019 (her expected due date).  Id. ¶ 16.  Defendants told her she did not qualify for FMLA leave, and Plaintiff alleges she was thus "never informed of her rights under the FMLA, including whether she was eligible for the leave and what her entitlement for the leave was."  Id.  It is not clear from the Amended Complaint when the baby was born.  Nevertheless, she commenced what she was advised was "'short-term' leave on February 15, 2019."  Id. ¶ 17.

During this leave, Defendants contacted Plaintiff on multiple occasions.  Id. ¶¶ 18-21.  Defendants asked her to return to work earlier than she had requested, and Plaintiff was told that she "would be unable to take her full leave that is provided in the company's leave policy[.]"  Id. ¶ 21.  Plaintiff returned to work on March 22, 2019, five weeks after beginning leave.  Id.

Upon returning from leave, Plaintiff was still lactating and therefore required "periodic breaks to express her breastmilk."  Id. ¶ 22.  Defendants knew of this requirement, and while they initially expressed supportive assurances to Plaintiff, they did not provide her with the time or place to do so.  Id. ¶¶ 23-29.  Defendants did not provide Plaintiff with breaks, id. ¶¶ 24, 26, nor did they provide her with a private area in which she could

express her breastmilk, id. ¶¶ 25-27.  Plaintiff brought her concerns to Defendants, who allegedly ignored them.  Id. ¶ 32.  Plaintiff's superior disparaged her, "advis[ing Plaintiff that] she could stop nursing her [four-month-old] baby."  Id. ¶¶ 32-33.  Plaintiff alleges that as a result of being constrained to express less frequently, she developed Mastitis, and her baby became sick due to rejection of formula Plaintiff was forced to give him.  Id. ¶ 29.  She alleges that she resigned her position due to the stress and humiliation allegedly caused by Defendants' actions.  Id. ¶ 34.

Plaintiff filed this suit alleging four claims: 1) Title VII Pregnancy Discrimination in Employment Act, id. ¶¶ 38-46; 2) FMLA interference, id. ¶¶ 47-54; 3) section 207(r) claim under the Fair Labor Standards Act ("FLSA"), id. ¶¶ 55-61; and 4) O.C.G.A. § 34-1-6 which, at the relevant time, provided that employers "may" provide private areas and unpaid breaks to employees, id. ¶¶ 62-67.  Defendants moved to dismiss counts two through four.  See Dkt. No. 26.  The issues have been fully briefed, see dkt. nos. 26, 29, 31, and the matter is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "'detailed factual allegations,'" "[a]

3

pleading that offers 'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

And while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions.  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  The court need not "accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## ANALYSIS

Defendants move to dismiss counts two, three, and four, in essence arguing all three fail to state a claim for relief.  Dkt.

4

No. 26 at 2.  The Court **DENIES** Defendants' motion as to count two, but **GRANTS** their motion as to counts three and four.

**I.   FMLA Leave Interference**

Count two of Plaintiff's Amended Complaint alleges an FMLA interference claim.  Defendants argue that it should be dismissed as untimely because she filed this action three months after the two-year statute of limitations expired.  Id. at 6-7.  Plaintiff responds that the statute of limitations for her claim is actually three years because Defendant's violations were willful.  See Dkt. No. 29 at 3-5; 29 U.S.C. § 2617(c).  Because Plaintiff's complaint plausibly alleges willful interference with her FMLA leave, Defendants' motion to dismiss is **DENIED** on this claim.

The Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, provides employees with protected, unpaid leave for qualifying medical and family reasons.  The FMLA provides eligible employees with up to twelve weeks of unpaid leave for, among other things, caring for a new child.  Id. § 2612.  Section 2615 of the FMLA makes it unlawful for any employer to interfere with or deny the exercise of an employee's right to take this leave.  Normally, an employee has two years after the alleged violation to pursue a cause of action under § 2615, see id. § 2617(c)(1), but where the alleged violation is "willful," an employee has three years.  Id. § 2617(c)(2).

While the FMLA does not define "willful," courts construing the FMLA give that term the same meaning that it has under the FLSA. See Liu v. Univ. of Miami, 138 F. Supp. 3d 1360, 1374 (S.D. Fla. 2015); see also Smith v. St. Joseph's Candler Health System, Inc., No. CV417-116, 2018 WL 3097056, at *1 (S.D. Ga. Mar. 21, 2018) (citing Liu, 138 F. Supp. 3d at 1374).  In the FLSA context, an employer acted willfully when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) (emphasis omitted).  Mere negligence is not enough.  Id.

Here, Defendants argue because they told Plaintiff she did not qualify for FMLA leave and would only be on "short-term" leave, Plaintiff, by her own allegations, was not on FMLA leave when she was asked to return to work.  Dkt. No. 31 at 4-5.  Thus, Defendants, argue, they could not have known or recklessly disregarded whether their conduct violated the FMLA.  Dkt. No. 31 at 4-5.  But that fails to view the facts in the light most favorable to Plaintiff, as the Court must do at this stage.  Branch v. Franklin, 285 F. App'x 573, 575 (11th Cir. 2008). Further, Defendants' argument ignores Plaintiff's other allegations.

Indeed, Plaintiff alleges that she notified Defendants she intended to take FMLA leave, dkt. no. 23 ¶ 16, that she qualified for FMLA leave by working at least 1,250 hours in her position in the prior twelve months, id. ¶ 14; see also 29 U.S.C. § 2611(2)(a),

6

that Defendants told her she was not eligible for FMLA leave and did not inform her of her eligibility to take said leave, id. ¶ 16, and that Defendants repeatedly interfered with her leave and forced her to cut her leave-time short, id. ¶ 18-21. And despite having notice of Plaintiff's intention to take FMLA leave as early as six months before she took leave, there is no indication at this juncture that Defendants conducted any investigation into whether Plaintiff was actually eligible to take FMLA leave. Taking Plaintiff's allegations as true, Plaintiff plausibly alleges that Defendants recklessly disregarded whether they were violating Plaintiff's rights under the FMLA. Defendant's motion to dismiss is therefore **DENIED** as to Plaintiff's FMLA claim.

## II.  FLSA Section 207(r)

Count three of Plaintiff's Amended Complaint alleges a violation of FLSA, 29 U.S.C. § 207(r). Defendants argue that Plaintiff's FLSA section 207(r) claim should be dismissed because 1) there is no private right of action under the statute, and 2) even if there is, no damages are available because Plaintiff fails to allege she was not paid wages she was due. Dkt. No. 26 at 10-14. While there is a private right of action under the statute, Plaintiff does not plausibly allege she was denied any wages or compensation due, and as such Defendants' motion is **GRANTED** on this ground.

Title 29, United States Code Section 207(r), provides that:

> An employer shall provide—
>
> (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and
>
> (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

This break time need not be compensated. Id. § 207(r)(2). Defendants point to 29 U.S.C. § 216(b), which offers employees the right to recover only "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. As such, Defendants argue that alleging a § 207(r)(1) violation of an employee's right to *unpaid* break time is "virtually useless." Id. at 11 (quoting Hicks v. City of Tuscaloosa, No. 7:13-cv-02063, 2015 WL 6123209, at *28 (N.D. Ala. Oct. 19, 2015)). While damages may be minimal or even non-existent, it "could not be more clearly stated" that § 216(b) provides a private right of action for violations of § 207. Lico v. TD Bank, No. 14-cv-4729, 2015 WL 3467159 (E.D. N.Y. June 1, 2015).

The Court notes this raises the potential for an enforcement paradox: "recovery under the statute is limited to lost wages, but an employer is not required to compensate nursing mothers for lactation breaks. As a result, it will often be the case that a violation of § 207(r) will not be enforceable, because it does not

8

cause lost wages." Lico, 2015 WL 3467159, at *3. In a "Request for Information from the Public" in 2010, the Department of Labor laid out its position adopting this view of the statute:

> Section 7(r) of the FLSA does not specify any penalties if an employer is found to have violated the break time for nursing mothers requirement. In most instances, an employee may only bring an action for unpaid minimum wages or unpaid overtime compensation and an additional equal amount in liquidated damages. 29 U.S.C. 216(b). Because employers are not required to compensate employees for break time to express breast milk, in most circumstances there will not be any unpaid minimum wage or overtime compensation associated with the failure to provide such breaks.

Reasonable Break Time for Nursing Mothers, 75 FR 80073-01. This does not foreclose the possibility of recovery, though, as the DOL stated it could step in if an employer refused to comply with § 207(r), and "may seek injunctive relief in federal district court [and/or] obtain reinstatement and lost wages for the employee. 29 U.S.C. 217." Id.

Further, lost wages can come in several forms. In Poague v. Huntsville Wholesale Furniture, 369 F. Supp. 3d 1180, 1198-99 (N.D. Ala. 2019), the Court found that the plaintiff had alleged sufficient damages under § 207(r) because she missed out on sales she could have made at work. The court explained that she was not provided a place to express her milk at work and thus had to leave work to express her milk and turn sales over to her colleagues, thus missing out on those potential commissions. Id. at 1199.

9

Even though Plaintiff has a private right of action, it is clear that Plaintiff fails to allege any § 207(r) damages in her complaint.  Plaintiff alleges that she was denied unpaid breaks to express her milk, see dkt. no. 23 ¶¶ 24, 31-34, 36, 59, but § 207(r)(2) says that time need not be paid—so Plaintiff has not alleged any unpaid wages or overtime compensation.  And while Plaintiff's complaint plausibly alleges discomfort or embarrassment, those sorts of injuries "are not compensable under the statute."  Hicks, 2015 WL 6123209, at *29.  Unlike the plaintiff in Poague, Plaintiff does not allege lost sales necessitated by travel time.  As such, Plaintiff's § 207(r) claim fails to state a claim for relief, and Defendant's motion to dismiss is **GRANTED** as to Plaintiff's FLSA claim.[2]

### III.   O.C.G.A. § 34-1-6

In Count Four of Plaintiff's Amended Complaint, she alleges a violation of O.C.G.A. § 34-1-6. Defendants argue Plaintiff's claim under O.C.G.A. § 34-1-6 should be dismissed.  Dkt. No. 26 at

---

[2] The Court notes that Plaintiff asserts "it is not the Court's role, in deciding a motion to dismiss, to make specific rulings with respect to the scope of damages available to the plaintiff."  Dkt. No. 29 at 8 (quoting Lico, 2015 WL 3467159, at *4).  However, Lico stated this in dealing with the *extent* of the plaintiff's damages under § 207(r), not whether the plaintiff had alleged any damages at all in her complaint. Here, the Court finds Plaintiff's amended complaint does not allege any damages under § 207(r) and, as such, need not determine "the scope of damages available to [Plaintiff]."  Lico, 2015 WL 3467159, at *4.

10

14-16. Because the statute does not specifically authorize a private right of action, Defendants' motion must be **GRANTED**.

At the relevant time,[3] O.C.G.A. § 34-1-6 stated:

> An employer may provide reasonable unpaid break time each day to an employee who needs to express breast milk for her infant child. The employer may make reasonable efforts to provide a room or other location (in close proximity to the work area), other than a toilet stall, where the employee can express her milk in privacy. The break time shall, if possible, run concurrently with any break time already provided to the employee. An employer is not required to provide break time under this Code section if to do so would unduly disrupt the operations of the employer.

This statute's permissive language creates a question as to whether Plaintiff even alleges Defendants committed a violation, but the Court need not decide this question because O.C.G.A. § 34-1-6 does not authorize a private right of action. It is well-settled that "the indication that the legislature meant to impose a [private right of action] . . . must be found in the provisions of the statute at issue, not extrapolated from the public policy the statute generally appears to advance." Anthony v. Am. Gen. Fin. Svcs., 697 S.E.2d 166, 172 (Ga. 2010). Neither party disputes that the text of O.C.G.A. § 34-1-6 (or any connected statutes) does not authorize private rights of action.

---

[3] This statute was revised in August 2020 to require employers to provide such time and accommodations. However, the alleged violation occurred before this revision, and the statute does not apply retroactively. See Enger v. Erwin, 267 S.E.2d 25, 26 (1980) (explaining that "legislation which affects substantive rights may operate prospectively only"); Art. I, Sec. I, Par. X of Ga Const ("No . . . retroactive law . . . shall be passed").

11

And Plaintiff's only suggested origin for her private right of action, O.C.G.A. § 51-1-8, is misplaced.  Plaintiff argues that because § 34-1-6 gives employers a private duty to their employees, and O.C.G.A. § 51-1-8 provides that "violation of a private duty accompanied by damage shall give a right of action," she thus has a live claim.  Dkt. No. 29 at 9.  But § 51-1-8 "merely set[s] forth general principles of tort law," and does not by itself create a private right of action.  See Reilly v. Alcan Aluminum Corp., 528 S.E.2d 238, 240 (Ga. 2000).  Further, the lack of a private right of action does not mean (the prior version of) O.C.G.A. § 34-1-6 is unenforceable—indeed, the Georgia Department of Labor is tasked with enforcing the statute.  See O.C.G.A. § 34-2-6.  The statute simply does not authorize private plaintiffs to enforce the statute. As such, Defendants' motion to dismiss is **GRANTED** as to Plaintiff's O.C.G.A. § 34-1-6 claim.

## CONCLUSION

For the above reasons, Defendants' partial motion to dismiss, dkt. no. 26, is **GRANTED in part and DENIED in part.**  It is **GRANTED** as to Plaintiff's FLSA and O.C.G.A. § 34-1-6 claims and **DENIED** as to Plaintiff's FMLA claim.

13

**SO ORDERED** this 2nd day of May, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

13